JAMES V. FAZIO, III (CSB NO. 183353)
jamesfazio@sandiegoiplaw.com
TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243042)
trevorcoddington@sandiegoiplaw.com
**SAN DIEGO IP LAW GROUP LLP**
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 792-3446
Facsimile: (858) 408-4422

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Timely Inventions, LLC**, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**Samsung Electronics Co., Ltd.**, a South Korean entity, and **Samsung Electronics America, Inc.**, a New York corporation,<br><br>Defendants. | Case No. 2:18-CV-2227<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff Timely Inventions, LLC ("Plaintiff" or "Timely") hereby alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement under the laws of the United States, 35 U.S.C. § 271, *et. seq.* This Court has original and exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendants because each regularly conducts business through places of business in California including in

this District, where it has committed the infringing acts alleged herein including but not limited to selling Samsung Gear 3 Frontier products at Costco.

3. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c) and 1400.

## PARTIES

4. Plaintiff is a Delaware company having its principal place of business in Dover, Delaware.

5. Upon information and belief, Defendant Samsung Electronics Co. Ltd. is a South Korean entity located at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea.

6. Upon information and belief, Defendant Samsung Electronics America, Inc. is a New York entity located at 85 Challenge Road, Ridgefield Park, New Jersey 07660. Samsung Electronics America, Inc. has an office at 12130 Millennium Dr., Los Angeles, CA 90094.

## CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,861,865)

7. Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

8. Plaintiff is the owner by assignment of U.S. Patent No. 7,861,865 ("the '865 patent") entitled "Packaging Assembly," which duly and lawfully issued on January 4, 2011. A true and correct copy of the '865 patent is attached hereto as Exhibit A.

9. The '865 patent protects the exclusive right of Plaintiff and its licensees to utilize the claimed invention(s) without infringement by competitors or their products. These methods and systems were not routine or conventional, particularly at the time of the claimed inventions.

10. On information and belief, each Defendant has made, used, offered for sale, sold and/or imported into the United States products covered by the claims of

the '865 patent, and continues to do so.  For example, as shown in Exhibit A, Defendants' "Samsung Gear 3 Frontier" product (sold at retailers including Costco) utilizes the inventions claimed in the '865 patent.

11.     On information and belief, each Defendant has caused, encouraged and aided others, including customers such as Costco, to directly infringe the '865 patent having full knowledge of the '865 patent and the specific intent that its acts and the acts of its customers and/or others to directly and/or indirectly infringe the '865 patent.

12.     By the acts of making, using, offering to sell, selling and/or importing the accused infringing products, each Defendant has directly infringed the '865 patent under 35 U.S.C. § 271(a).

13.     By the acts of actively inducing others including Costco to infringe the '865 patent, each Defendant has infringed the '865 patent under 35 U.S.C. § 271(b). On information and belief, having knowledge of the '865 patent, each Defendant specifically intended for its customers to infringe the '865 patent by using and/or re-selling the accused infringing products.

14.     The acts of infringement asserted herein have been and continue to be deliberate and willful, at least since each Defendant first learned about the '865 patent.

15.     Each Defendant has derived and received gains, profits and advantages from the aforesaid acts of infringement, and Plaintiff has lost profits and has otherwise been damaged and is entitled to monetary relief in an amount to be determined at trial.

16.     The infringement of the '865 patent has caused and continues to cause irreparable harm to Plaintiff, for which there is no adequate remedy at law, and the infringement will continue unless and until it is enjoined by this Court.

## PRAYER FOR RELIEF

Therefore, Plaintiff prays for the following relief:

    A.    A determination that each Defendant has infringed the '865 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents;

    B.    An accounting for damages adequate to compensate for the patent infringement under 35 U.S.C. § 284, including Plaintiff's actual damages including lost profits, treble damages, pre-judgment and post-judgment interest, and costs;

    C.    A determination of willful patent infringement, and that this is an exceptional case, and an award of attorney fees and expenses to Plaintiff under 35 U.S.C. § 285; and

    D.    Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: March 16, 2018    **SAN DIEGO IP LAW GROUP LLP**

By: /s/ Trevor Coddington
       Attorneys for Plaintiff

# JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1) and (c), and L.R. 38-1, Plaintiff hereby demands a jury trial on all the issues in this action so triable of right by a jury.

                                                Respectfully submitted,

Dated: March 16, 2018        **SAN DIEGO IP LAW GROUP LLP**

                                            By:  /s/ Trevor Coddington
                                                        Attorneys for Plaintiff